## COMMONWEALTH *versus* THOMAS SMITH & LYDIA TITCOMB.

In an indictment for stealing money, the *value* must be averred.

THIS was an indictment against the defendants, charging that they feloniously broke and entered the dwelling-house of *John Colby*, and feloniously stole therefrom one chest of the value of two dollars, thirty Spanish milled dollars, ten French crowns, and one hundred and sixty dollars in other cash, consisting of quarters, eighths, and sixteenths of a dollar, of the goods and chattels of the said *John Colby*, &c., against the form of the statute, &c.

The defendants pleaded not guilty. The jury acquitted them of the breaking, &c., and found them guilty of the simple larceny only.

*Jackson* moved in arrest of judgment, on the ground that the *value* of the money stolen ought to have been alleged in the indictment.

* He said that, if the coins mentioned in the indict- [ * 246 ] ment were, by law, made current as money, and a legal

tender for the payment of debts, it might, perhaps, be unnecessary to *aver* the value in the indictment; but it was clear, by the act of congress, passed February 9, 1793, that *French* crowns were not legal current money, and had ceased to be a legal tender; and although in the act there is an exception of *Spanish* milled dollars, and parts of such dollars, which, under certain circumstances, are still a legal tender, yet the act is express that no foreign coin which had been, or might be, issued subsequent to the first day of January, in the year 1792, should be a tender, until samples thereof should have been found, by assay, at the mint of the *United States*, to be conformable to the standard required by the act, and proclamation thereof made by the president of the *United States;* non constat that the other coins mentioned were issued previous to 1792; and therefore the value of the whole, as well of the *Spanish* milled dollars, and parts of a dollar, as of the *French* crowns, ought to have been averred.

The *Solicitor-General,* (*Davis,*) for the commonwealth, said that the reason for averring the value in *England* was, that it might appear whether the offence charged was simple or grand larceny, which did not apply *here,* as *that* distinction did not here exist; that, although it might be said that it was necessary *here* to aver the value, to enable the Court to give judgment for the treble damages, yet, if the Court should be of that opinion, it did not follow that judgment ought to be arrested; for if the indictment be not good upon the statute, the Court may give judgment as at common law, this being an offence at common law.

The Court (*Sedgwick, Sewall,* and *Thacher,* justices) were of opinion that they could not give judgment for treble damages for any part of the *articles stolen, excepting [ * 247 ] for the *chest,* the value of which is averred; that for *that*

they might, and arrest the judgment as to the other articles. But they informed the prisoners that the consequence would be the requiring them to recognize to appear at the next term to answer to a new indictment; whereupon the prisoners consented to have the present indictment amended by inserting the value of the money stolen.

NOTE.—See 2 *Hawk. P. C. c.* 25, *sect.* 75, as to the necessity of averring the *value* of the things stolen in an indictment of larceny; to which section, in the 6th edition, is the following note:—" The benefit of clergy is taken away by several statutes, provided the larceny amounts to a certain value. It is therefore necessary now to state the value of the things stolen, pursuant to the words of the respective

statutes." See also 2 *Hawk. c.* 33, *sect.* 59, that the benefit of clergy is taken away by *stat* 8 *Eliz. c.* 4, where *any* money, goods or chattels are stolen from the person of any other, *privily*, without his knowledge. In the index to the same edition, part 2, under the word *value*, it is said, " At the *Lent* assizes for *Essex*, 1787, *Gould*, J. and *Thompson*, B., held an indictment for *privately* stealing bad because *no value* was stated—*M. S.*"